**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DEBORAH CRISTINA HOLSAPPLE,** | § § § | |
| *Plaintiff*, | § | |
| v. | § § | EP-20-CV-00296-DCG |
| **DOGGETT EQUIPMENT SERVICES, LTD,** | § § § § | |
| *Defendant,* | § | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Presently before the Court is Defendant Doggett Equipment Services, Ltd.'s ('Doggett") "Motion to Compel Arbitration and Stay Proceedings" (ECF No. 5). Therein, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), Doggett moves the Court to issue an order compelling Plaintiff Deborah Cristina Holsapple to arbitrate her claims and stay all proceedings in this matter pending the outcome of arbitration. For the reasons that follow, the Court grants the motion in part.

**I.  BACKGROUND**

Holsapple worked primarily as a receptionist at Doggett's business unit (Toyota Lift of South Texas) located in El Paso, Texas, from February 2013 until April 2019. Silberlicht Decl. at ¶ 4, ECF No. 5-1; Def.'s Mot. to Compel Arb., Ex. A-4, ECF No. 5-5; Holsapple Aff. at ¶¶ 4, 7, ECF No. 7-2. In October 2020, Holsapple sued Doggett in 448th Judicial District Court of El Paso County, Texas, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Specifically, she alleges that Doggett failed to pay her overtime wages and terminated her in retaliation for complaining about nonpayment of overtime wages.

In November 2020, Doggett removed the case to this Court. In January 2021, Doggett filed the instant motion to compel arbitration. Holsapple filed a response to the motion, Pl.'s Resp. to Mot. to Compel Arb., ECF No. 7, and Doggett followed by filing a reply, Def.'s Reply in Supp. of Mot. to Compel Arb., ECF No. 8.

## II.  DISCUSSION

Section 2 of the FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Thus, as a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts." *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 166 (5th Cir. 2004) (emphasis omitted). Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

In ruling on a motion to compel arbitration under the FAA, courts generally conduct a two-step inquiry: first, whether parties agreed to arbitrate the dispute and second, whether federal statute or policy renders the claims nonarbitrable. *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 195 (5th Cir. 2016); *Brown v. Pac. Life Ins.*, 462 F.3d 384, 396 (5th Cir. 2006). "The courts divide the first step into two more questions: whether a valid agreement to arbitrate exists and whether the dispute falls within that agreement." *Dealer Computer Servs., Inc. v. Old Colony Motors, Inc*., 588 F.3d 884, 886 (5th Cir. 2009).

As basis for the motion, Doggett argues that Holsapple entered into a valid arbitration agreement and her claims fall within the scope of the agreement. Mot. to Compel Arb. at 1–2, 7–

8. It points out that the terms of the agreement are set forth in an Employee Acknowledgements and Arbitration Agreement (the "Agreement"), which, was provided to Doggett's employees as part of its Employee Handbook and executed by Holsapple in September 2014. *Id.* at 2.

Entitled "Arbitration Agreement," Section 3 of the Agreement, contains several subsections. Subsection (a), which expressly invokes the FAA, states in part:

> My signature below further acknowledges my understanding and agreement that by accepting an offer of employment or by continuing employment with the Company, I specifically and knowingly waive and relinquish my right to bring a claim against the Company . . . in a court of law and that I will utilize binding arbitration pursuant to the Federal Arbitration Act as the sole and exclusive means to resolve all Covered Claims that I may have against the Company . . . . Covered Claims, explained more fully below, are those which may arise from, relate to, or have any relationship or connection whatsoever with my seeking employment with, employment or termination by, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise. . . .

Agreement at § 3(a), ECF No. 5-2. Subsection (b) further explains the nature of Covered Claims as follows:

> "Covered Claims" which the Company and I agree to submit to binding arbitration . . . all claims, disputes, and/or controversies (except specifically excluded above) related in any way to my employment or . . . the termination of my employment, including . . . claims related to my compensation; claims of . . . retaliation, and wrongful discharge based on or arising from any federal, state, or local law, . . . ; and all claims arising from or based on [*inter alia*] . . . the Fair Labor Standards Act . . . ; and, all claims based on all other federal, state, or local statutory or common laws or regulations which would otherwise require or allow resort to any court of law . . . between me and the Company.

Agreement at § 3(b).

Holsapple does not contest that an agreement to arbitrate exists or that her claims fall within the scope of the arbitration agreement. *See* Pl.'s Resp. to Mot. to Compel Arb. at 2. Instead, she argues that the Agreement contains a cost-splitting provision and a forum selection provision, each of which renders the arbitration agreement substantively unconscionable and therefore Doggett's motion to compel arbitration should be denied. *See id.* at 2–3, 5; *see also*

Agreement at § 3(a) ("My signature below also specifically acknowledges my agreement to pay one-half the costs of arbitration, including the arbitrator's fees, with the Company to pay the other half.");[1] *id.* at § 3(e) ("The parties agree that the venue for all arbitrations pursuant to this Agreement shall be Harris County, Texas.").

Doggett counters that both provisions are reasonable and alternatively argues that the Court should sever these provisions pursuant to the Agreement's severability clause and compel this matter to arbitration. Def.'s Reply in Supp. of Mot. to Compel Arb. at 1, 4–5; *see also* Agreement at § 3(i) ("Should any term or provision, or portion thereof of this Arbitration Agreement, be declared void or unenforceable, it shall be severed and the remainder of this Agreement to arbitrate shall be enforceable.").

**A. Cost-Splitting Provision**

Specifically, Holsapple argues that the arbitration agreement is substantively unconscionable because it requires her to pay one-half of all the costs of arbitration, including the arbitrator's fees. Pl.'s Resp. to Mot. to Compel Arb. at 2. This requirement, she continues, makes the costs of arbitration excessive and effectively prevents her from asserting her rights in an arbitration proceeding. *Id.*

"'[G]enerally applicable contract defenses, such as fraud, duress, or *unconscionability*, may be applied to invalidate arbitration agreements without contravening § 2'" of the FAA. *Iberia Credit Bureau, Inc.*, 379 F.3d at 166 (emphasis in original) (quoting *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 687 (1996)). Under Texas law,[2] "excessive costs imposed by an

---

[1] The parties refer to this provision as a "fee-splitting" provision; because it requires splitting arbitrator's fees as well as other costs of arbitration, the Court refers to it as a "cost-splitting" provision.

[2] The validity and enforceability of an arbitration agreement is governed by state law contract principles. *See Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914 (5th Cir. 2014); *Alim v. KBR, Inc.*, 570 F.

arbitration agreement render a contract [substantively] unconscionable if the costs prevent a litigant from effectively vindicating his or her rights in the arbitral forum," *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 893 (Tex. 2010); *see also In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006) ("Substantive unconscionability refers to the fairness of the arbitration provision itself, whereas procedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision."), and unconscionable contracts, whether relating to arbitration or not, are unenforceable, *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). A party opposing the enforcement of an arbitration agreement (Holsapple in this case) must adduce "some evidence" that she "will likely incur arbitration costs in such an amount as to deter enforcement of statutory rights in the arbitral forum." *Id.* at 356 (italicized emphasis omitted).

Here, Holsapple and her counsel submitted affidavits. Counsel states that Holsapple retained him on a contingency basis and she is responsible for all costs in this case, including arbitration filing fee, arbitrator's compensation, and any travel costs incurred by her counsel to pursue the matter. Valdez Aff. at 1–2, ECF No. 7-3. Based on arbitration matters that he handled recently, he explains that a conservative projection of the arbitration costs, including arbitration filing fee and arbitrator's compensation, is $13,000 if the arbitration is held in El Paso County. Valdez Aff. at 2, ECF No. 7-3. Under the cost-splitting provision, therefore, Holsapple's share is $6,500.

According to Holsapple's affidavit, she is a single mother and has a son who is disabled. Holsapple Aff. at ¶ 7. She states that during 2019, her annual income was $9,306, and in 2000, she had no income because she has been unable to find a job since she was fired from Doggett.

---

App'x 417, 420 (5th Cir. 2014) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Here, the parties agree that Texas law applies—as evinced by their citations to Texas law in their briefs.

*Id*. at ¶ 8.  In support of her income, she submitted her W-2 forms.  *See* ECF No. 13.  She explains that she struggles to pay her monthly bills, and currently, she and her son rely on government assistance and child support to survive.  Holsapple Aff. at ¶ 8.  Finally, she states that if she were ordered to pay an amount over a minimum arbitration filing fee, such as $300, she would not be able to pursue the case.  *See id.* at ¶ 9; Pl.'s Resp. to Mot. to Compel Arb. at 2.

Based on this evidence, the Court finds that if the cost-splitting provision is enforced, the costs of arbitration would, effectively, prevent her from vindicating her FLSA rights in the arbitral forum.  As such, the provision is substantively unconscionable and consequently, unenforceable.

However, "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate," *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010), and an agreement to arbitrate is "severable as a matter of federal arbitration law," *Green Tree Servicing, L.L.C. v. House*, 890 F.3d 493, 504 (5th Cir. 2018).[3]  The Court therefore severs the cost-splitting provision pursuant to the Agreement's severability clause, *see* Agreement at § 3(i), but enforces the parties' agreement to arbitrate.  Further, the Court will require Holsapple to pay arbitration filing fee, and Doggett to pay all other arbitration costs, including arbitrator's fees.  *See, e.g.*, *Dreibrodt v. McClinton Energy Grp., LLC*, No. MO:16-CV-00340-RAJ, 2017 WL 7805761, at *4–*5 (W.D. Tex. Jan. 3, 2017) (severing a cost-splitting provision as substantively unconscionable because of plaintiff's financial inability, but compelling arbitration and requiring defendant to pay all arbitration costs, including arbitrator's fees); *James v. Conceptus, Inc*., 851 F. Supp. 2d 1020, 1039–40 (S.D. Tex. 2012) (same); *see also Carter v. Countrywide Credit Indus., Inc*., 362 F.3d 294, 300, 302 (5th

---

[3] *See also Venture Cotton Co-op. v. Freeman,* 435 S.W.3d 222, 230 (Tex. 2014) (Under Texas law, "an . . . unconscionable provision of a contract may generally be severed so long as it does not constitute the essential purpose of the agreement."  (brackets, internal quotes, and citation omitted)).

Cir. 2004) (finding that employer-defendant's representation to lower court that it would pay "all the arbitration costs (excluding the $125 filing fee)" mooted employee-plaintiffs' argument that an arbitration agreement's fee-splitting provision rendered the agreement unenforceable and affirming the district court's order compelling arbitration).

**B.  Arbitration-Forum Selection Provision**

Holsapple points out that the forum selection provision requires that arbitration take place in Harris County, Texas, and argues that the provision is not enforceable because it would prevent her from pursuing her claims.  Pl.'s Resp. to Mot. to Compel Arb. at 4–6.  The provision, he adds, makes the arbitration agreement substantively unconscionable.  *Id.* at 4.

Forum selection provisions "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Carter*, 362 F.3d at 299–300 (applying *M/S Bremen*'s "unreasonableness" standard to the question of enforceability of a forum selection provision in a contract that contained an arbitration agreement (citing *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing, in turn, *M/S Bremen*, 407 U.S. at 10)))).  Enforcement of a forum-selection provision may be "unreasonable," where "the party seeking to escape enforcement 'will for all practical purposes be deprived of [her] day in court' because of the grave inconvenience or unfairness of the selected forum." *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *M/S Bremen*, 407 U.S. at 18).

Here, Holsapple argues that enforcement of the provision would cause serious inconvenience to her.  Pl.'s Resp. to Mot. to Compel Arb. at 5.  She testifies that she was employed and terminated by Doggett in El Paso, her unpaid wages were for work she performed in El Paso, and all her witnesses of her unpaid wages and retaliation claims live in El Paso.

Holsapple Aff. at ¶ 4.  She argues, therefore, that inconvenience of travel to Harris County, which is 750 miles away from El Paso, would prevent her from presenting all her witnesses. Pl.'s Resp. to Mot. to Compel Arb. at 5.

She further testifies that she cannot afford to travel to Harris Country, Holsapple Aff. at ¶ 9, and therefore, argues that she would be unable to pursue the matter because of the additional costs of travel for her, her counsel (who offices in El Paso), and her witnesses located in El Paso, Pl.'s Resp. to Mot. to Compel Arb. at 5.  The above-discussed evidence of her financial disposition further supports her testimony on travel unaffordability.

Under these circumstances, the Court finds that "application of the forum selection provision [would] place[ ] an unreasonable burden" on Holsapple," *Carter*, 362 F.3d at 299, and therefore, severs the provision, like the cost-splitting provision, from the Agreement, *see Dominguez v. Finish Line, Inc*., 439 F. Supp. 2d 688, 691 (W.D. Tex. 2006) (granting motion to compel arbitration, but severing, as unreasonable, forum selection provision that required arbitration be held in Indiana because of plaintiff's "personal and economic hardship"); *cf. Carter*, 362 F.3d at 299–300 (finding a forum selection provision that required arbitration "be held within the Federal Judicial District in which Employee was last employed with the Company" was not unreasonable).  The Court will require the parties to arbitrate in El Paso County, Texas.

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Doggett's "Motion to Compel Arbitration and Stay Proceedings" (ECF No. 5) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Agreement's (ECF No. 5-2) arbitration-forum selection provision that requires that the arbitration be held in Harris County, Texas, and its cost-splitting provision that requires that Plaintiff Holsapple pay one-half the costs of arbitration, including the arbitrator's fees, are **DECLARED VOID AND UNENFORCEABLE**.

**IT IS THEREFORE ORDERED** that Plaintiff Holsapple **SHALL SUBMIT** to arbitration her claims asserted in this case against Defendant Doggett—in accordance with the terms of the Agreement **EXCEPT** for the arbitration-forum selection provision and the cost-splitting provision.

**IT IS FURTHER ORDERED** that Plaintiff Holsapple **SHALL PAY** arbitration filing fee, and Defendant Doggett **SHALL PAY** all other arbitration costs, including arbitrator's fees.

**IT IS FURTHER ORDERED** that the arbitration **BE HELD** in El Paso County, Texas.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the outcome of the arbitration.

**IT IS MOREOVER ORDERED** that, within **ten (10) days** following the conclusion of the arbitration, or the conclusion of any settlement agreement between the parties, the parties **SHALL PROVIDE** the Court with a Joint Status Report regarding all material developments in this case.

**IT IS FINALLY ORDERED** that the District Clerk **SHALL ADMINISTRATIVELY CLOSE** the above-captioned action until such time as the Court lifts its stay.

So ORDERED and SIGNED this __1st__ day of June 2021.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**